Filed 9/25/15  In re A.G. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | H042249 (Santa Clara County Super. Ct. No. JD22984) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, Plaintiff and Respondent, v. J.G., Defendant and Appellant. | |

A.G. was declared a dependent child of the juvenile court under Welfare and Institutions Code section 300 and reunification services were ordered for both parents. J.G., the father of A.G., appeals from the juvenile court's subsequent order finding that the Indian Child Welfare Act (ICWA) did not apply.  We affirm the order.

## I.  Procedural and Factual Background

A.G. and her half sibling T.M.[1] were removed from their home in November 2014 when A.G. was almost two years old.  The Santa Clara County Department of Family and Children's Services (Department) filed a first amended petition, which alleged that there was a substantial risk that A.G. would suffer serious physical harm due to her mother's substance abuse and mental health issues.  As to J.G., it was alleged that he had perpetuated domestic violence against the mother in the children's presence, and thus there was a restraining order protecting the mother and the children in effect until May 2018.  It was also alleged that J.G. had been convicted of willful cruelty to a child in 2014 and was on probation.

During an interview with the social worker, J.G. said that he was of Cherokee descent.  J.G. also filed a form entitled "Parental Notification of Indian Status," which stated that A.G. was or might be a member of a Cherokee tribe.

At the initial hearing in November 2014, the juvenile court found that the ICWA might apply and notice to the tribes was required.

The following month, the Department filed an ICWA-030 form entitled "Notice of Child Custody Proceeding for Indian Child."  The Department had sent these notices to the Secretary of the Interior, the Bureau of Indian Affairs (BIA), the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee Indians, and the United Keetoowah Band of Cherokee.  The notices included the following:  (1) father's name, current address, date of birth, and place of birth; (2) paternal grandmother's name, date of birth, and current address; (3) paternal grandfather's name, current address (city and state), and place of birth (country); (4) no information was available for the paternal great-grandmother; and (5) name of paternal great-grandfather and his place of birth (city and state only).  The tribe listed for the father, paternal grandfather, and paternal great-grandfather was

---

[1]     J.G. is not the father of T.M. and thus she is not a subject of this appeal.

Cherokee. As to tribal membership or enrollment number for the father, paternal grandfather, and paternal great-grandfather, the notices stated that no information was available. The notices also stated that no information was available for the date of birth of either the paternal grandfather or the paternal great-grandfather. Certified mail receipts and return receipts for all of the recipients of the notice were included in the record.

The jurisdiction/disposition report stated that the social worker had interviewed J.G. several times to obtain information about the case. The social worker had also completed a relative home assessment of the paternal grandmother, who lived with the paternal uncle.

An addendum report stated that the United Band of Keetoowah of Cherokee had responded that it had conducted a search of enrollment records based on the information provided by the Department and found no evidence that A.G. was a descendant from anyone on the Keetoowah roll.

An interim review report stated that responses from the three Cherokee tribes had been received. They stated that A.G. was "neither a member nor eligible for membership" based on the information provided by the Department.

In February 2015, a case plan review hearing for A.G. was held. Counsel for the Department requested, among other things, that the juvenile court make a finding that the ICWA did not apply. At the conclusion of the hearing, the juvenile court asked if there was any objection to the finding that the ICWA did not apply. When there was no objection, the juvenile court found that the ICWA did not apply.

## II. Discussion

J.G. contends that the Department failed to comply with the notice provisions of the ICWA.[2]

"'Under the ICWA, where a state court "knows or has reason to know" that an Indian child is involved, statutorily prescribed notice must be given to any tribe with which the child has, or is eligible to have, an affiliation.' [Citation.] Because the determination of a child's Indian status is a matter for the tribe, 'the juvenile court needs only a suggestion of Indian ancestry to trigger the notice requirement. [Citations.] Both the court and the county welfare department have an affirmative duty to inquire whether a dependent child is or may be an Indian child.' [Citation.] [¶] . . . [¶] The notice required by the ICWA must contain enough information to provide meaningful notice. [Citation.] The federal regulations require the ICWA notice to include, *if known,* '(1) the name, birthplace, and birth date of the Indian child; (2) the name of the tribe in which the Indian child is enrolled or may be eligible for enrollment; (3) names and addresses of the child's parents, grandparents, great-grandparents and other identifying information; and (4) a copy of the dependency petition.'" (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1529, italics added.)

Here, based on J.G.'s statements that he was of Cherokee descent and that A.G. was or might be a member of a Cherokee tribe, the juvenile court found that the ICWA might apply and that notice to the tribes was required. The Department sent notification

---

2  The Department argues that J.G.'s counsel's agreement with the juvenile court's finding that the ICWA did not apply constitutes invited error and bars this appeal. However, "the comments of the parents' attorneys do not constitute invited error or other waiver of appellate review. 'There is nothing either in the ICWA or the case law interpreting it which enables anyone to waive the tribe's right to notice and right to intervene in child custody matters. [Citations.]' [Citation.]" (*Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 257-258.) Thus, we reject the Department's argument.

4

forms to the three Cherokee tribes as well as to the BIA and the Secretary of the Interior. In addition to information about J.G., the forms listed: the paternal grandfather's name, current address (city and state), and place of birth (country); the name of paternal great-grandfather and his place of birth (city and state only). The tribe listed for the father, paternal grandfather, and paternal great-grandfather was Cherokee. As to tribal membership or enrollment number for the father, paternal grandfather, and paternal great-grandfather, the notices stated that no information was available. The notices also stated that no information was available for the date of birth of either the paternal grandfather or the paternal great-grandfather.

J.G. contends that the Department failed to conduct an adequate inquiry and to provide sufficient information in its notices for the tribes to make a determination as to whether A.G. was eligible for tribal membership. Noting that the social worker had contact with him and the paternal grandmother, the paternal uncle lived with the paternal grandmother, and the paternal grandfather was housed in a prison in Tracy, California, J.G. claims that "[a]ny of these people might have been able to provide the social worker with information to fill in the gaps to provide the required notice to the tribes."

We first note that J.G. does not suggest that either he or any of his relatives provided additional information that the social worker failed to include in the notification forms. He also does not assert on appeal that there is any information that could have been included in these forms. "[N]either the court nor [the Department] is required to conduct a comprehensive investigation into the minors' Indian status. [Citations.]" (*In re C.Y.* (2012) 208 Cal.App.4th 34, 39.) Moreover, "[i]t is presumed that official duty has been regularly performed." (Evid. Code, § 664.) Thus, this court must assume that, in the absence of any contrary evidence, the social worker complied with his affirmative and continuing duty of inquiry and diligently sought to include all available, relevant

5

information on the notice to the Cherokee tribes, the BIA, and the Secretary of the Interior. Accordingly, we find no error.

J.G.'s reliance on *In re A.G.* (2012) 204 Cal.App.4th 1390 is misplaced. In that case, the father reported that he had Creek or Choctaw heritage and was gathering more information regarding tribal affiliation. (*Id.* at p. 1394.) The social services agency sent notification to various Creek and Choctaw tribes and provided only the father's name and birth date and the paternal grandmother's name, address, and telephone number. (*Ibid.*) The social services agency conceded that it had not complied with the inquiry and notice requirements of the ICWA. (*Id.* at p. 1393.) In contrast to *A.G.*, here, there is nothing in the record to indicate that there was additional information to be included in the notification forms. Moreover, the Department has not conceded any error.

*In re D.T.* (2003) 113 Cal.App.4th 1449 is also distinguishable from the present case. In *D.T.*, the social services agency's notice to the BIA and the three Cherokee tribes included only the names, birth dates, and birthplaces of the minors and their parents, both of whom had Indian heritage. (*Id.* at pp. 1452, 1455.) In addition, these notices failed to include information that was known to the social worker and included in the dispositional report, such as the mother's married name, the parents' current addresses, the names of the grandparents, and the claimed tribal affiliation. (*Id.* at p. 1455.) Unlike in *D.T.*, here, the record reflects that all information available to the social worker was included in the notices.

J.G. next contends that there was insufficient evidence to support the juvenile court's finding that the Department had complied with the notice requirements of the ICWA.

"The juvenile court must determine whether proper notice was given under the ICWA and whether the ICWA applies to the proceedings. [Citation.]" (*In re I.W.*, *supra*,

6

180 Cal.App.4th at p. 1530.)  This court reviews the juvenile court's finding for substantial evidence.  (*Ibid.*)

As previously discussed, we have found that the Department complied with the notice requirements of the ICWA by including all available, relevant information regarding A.G.'s Indian heritage in its notice to the Cherokee tribes, the BIA, and the Secretary of the Interior.  Thus, there was substantial evidence to support the juvenile court's finding.

### III.  Disposition

The order is affirmed.

_____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Grover, J.

*In re A.G.*

8